**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| Terry Gentry, on behalf of himself and all others similarly situated, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:19-cv-320 |
| § | |
| Hamilton-Ryker IT Solutions, LLC, § | COLLECTIVE ACTION |
| § | |
| Defendant. § | JURY TRIAL DEMANDED |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

NOW COMES Plaintiff Terry Gentry ("Plaintiff" or "Gentry"), on behalf of himself and all others similarly situated, who files this Original Collective Action Complaint against Defendant Hamilton-Ryker IT Solutions, LLC ("Defendant" or "Hamilton-Ryker"), showing in support as follows:

### I.     INTRODUCTION AND NATURE OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"), for Defendant's failure to pay all due and owing overtime wages to its non-exempt, hourly-paid employees.

2. Plaintiff files this lawsuit on behalf of himself and as a putative collective action on behalf of all other similarly situated employees of Defendant.

3. Plaintiff was a non-exempt, hourly-paid control systems engineer employee of Defendant during the three years prior to the filing of this lawsuit. At all times, Defendant paid Plaintiff only his hourly rate of pay for all hours worked over forty in a workweek (*i.e.*, Plaintiff received "straight-time" pay only). Defendant never paid any hours Plaintiff worked over forty

hours in a workweek at the rate of time and one-half his regular rate of pay. Consequently, Defendant underpaid Plaintiff at the rate of half of his regular rate of pay per hour (*i.e.*, Defendant failed to pay Plaintiff "overtime premium pay"). *See* 29 U.S.C. § 207(a)(1) ("[. . .] [N]o employer shall employ any of his employees [. . .] for a workweek longer than forty hours unless such employee receives compensation [for hours over forty] at a rate not less than one and one-half times the regular rate at which he is employed.").

4. Defendant paid all of its non-exempt control systems engineer employees on an hourly-basis, and paid only "straight-time" wages to those employees when they worked over forty hours in a workweek, which occurred frequently. This employment policy or practice violated the FLSA.

5. Furthermore, Defendant paid additional remuneration to Plaintiff and other non-exempt, hourly-paid control systems engineer employees that it designated as so-called "per diem" pay. However, the FLSA requires that any bona fide per diem pay received by an employee must reasonably approximate the expenses an employee actually incurs "in the furtherance of his employer's interests," and regulations to the FLSA make clear that "only the actual or reasonably approximate amount of the expense is excludable from the regular rate. If the amount paid as 'reimbursement' is disproportionately large, the excess amount will be included in the regular rate." 29 U.S.C. § 207(e)(2); 29 C.F.R. § 778.217(c). Because Defendant paid excessive payments labeled as "per diem" to its control systems engineer employees, all excessive remuneration should be included in the regular rate when calculating the overtime premium pay to which Plaintiff and the putative Collective Action Members are entitled.

6. Now, therefore, Plaintiff seeks damages on behalf of himself and the putative Collective Action Members as the result of Defendant's (a) failure to pay Plaintiff and similarly

situated non-exempt, hourly-paid employees overtime premium pay for all hours worked over forty in a workweek; and (b) failure to include additional remuneration designated as so-called "per diem" pay in Plaintiff and similarly situated non-exempt, hourly-paid employees' respective regular rates of pay.

7. Plaintiff and the putative Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.   THE PARTIES

### A.   Plaintiff Terry Gentry

8. Plaintiff Terry Gentry is an individual residing in Galveston County, Texas. He has standing to file this lawsuit.

9. Gentry was employed by Defendant Hamilton-Ryker as a control systems engineer from on or about May of 2015 to on or about March of 2019.

10. Plaintiff's written consent to participate in this action is attached to this Complaint as Exhibit A.

### B.   Putative Collective Action Members

11. The putative Collective Action Members are all current and former hourly-paid employees of Defendant Hamilton-Ryker who worked as control systems engineers, while being paid only their hourly rate of pay at all times, including for all hours worked over forty each workweek, within the three years prior to the date of filing this Complaint through the date of the final disposition of this action.

### C.   Defendant Hamilton-Ryker IT Solutions, LLC

12. Defendant Hamilton-Ryker IT Solutions, LLC ("Hamilton-Ryker") is a limited liability company formed in Tennessee doing business in the state of Texas.

13. Defendant's principal place of business at 325 Bridge Street, Franklin Tennessee 37064-2609.

14. Defendant may be served in Texas through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporated, located at 211 E. Seventh Street, Suite 620; Austin, Texas 78701.

15. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

16. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

17. At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

### III. JURISDICTION AND VENUE

18. This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 216(b).

19. The United States District Court for the Southern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in Texas and in this District.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## IV. FACTUAL BACKGROUND

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22. Defendant is, in part, a staffing company that provides employees to its clients in the banking/finance, healthcare, insurance, technology, legal, manufacturing, oil and gas production, pipeline management, and POS services industries. *See Learn More*, Hamilton-Ryker IT Solutions, https://hamiltonrykerit.com/#learn-more (last visited Sept. 25, 2019).

23. Plaintiff began to work for Defendant on or about May of 2015 as a control systems engineer.

24. In the offer letter Defendant presented to Plaintiff upon hire, Defendant stated that Plaintiff would be paid "$123.00 per hour straight time and overtime."

25. Defendant also paid Plaintiff extra remuneration that it described as so-called "per diem" pay. This extra remuneration totaled to approximately $130 per day. This so-called "per diem" was paid regardless of Plaintiff's actual reimbursable non-personal business expenses.

26. Plaintiff worked for Defendant's client, Freeport LNG, out of Freeport LNG's office in Freeport, Texas, which is located in Brazoria County.

27. Plaintiff's primary job duties included reviewing engineering documents sent to Freeport LNG by an engineering contractor, Chicago Bridge and Iron, and providing edits, revisions, and commentary. All of Plaintiff's work was supervised by David Gillespie, who had the ultimate authority to ignore or add Plaintiff's commentary to the engineering documents that were later returned to the engineering contractor, Chicago Bridge and Iron.

28. Numerous other individuals similarly performed these job duties as control systems engineer employees of Defendant pursuant to the same pay policy and/or practice. Defendant's

wage payment policy and/or practice resulted in Plaintiff and similarly situated control systems engineers not being paid all overtime wages owed by Defendant in violation of the FLSA.

29. Plaintiff was at all times paid on an hourly basis. Defendant did not pay Plaintiff a salary. When Plaintiff worked fewer than forty hours in a workweek, Defendant paid Plaintiff the total number of hours worked in that week multiplied by his hourly rate, and when Plaintiff worked in excess of forty hours in a workweek, he was paid the total number of hours worked multiplied by his hourly rate of pay.

30. For instance, during the pay period beginning December 28, 2015, Plaintiff worked only thirty-seven hours, and earned gross wages in the amount of $4,551.00, which is thirty-seven (total hours of work) multiplied by $123.00 (Plaintiff's hourly rate of pay).

31. On the other hand, during the pay period beginning November 26, 2018, Plaintiff worked ten overtime hours, for which he was paid gross wages of $1,230.00 ("straight-time" wages).

32. Plaintiff and similarly situated control systems engineers did not perform a primary job duty involving the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications.

33. Plaintiff and similarly situated control systems engineers did not design, develop, provide documentation for, analyze, create, test, or modify computer systems or programs, including proto types, based on or related to user or system design specifications.

34. Plaintiff and similarly situated control systems engineers did not perform a primary job duty involving the design, documentation, testing, creation, or modification of computer programs related to machine operating systems.

35. Plaintiff and similarly situated control systems engineers did not perform any combination of the job duties described in the prior three paragraphs, the performance of which would require the same level of skills.

## V.     FLSA CLAIMS

36. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A.    FLSA Coverage

37. All conditions precedent to this suit, if any, have been fulfilled.

38. At all times relevant to this lawsuit, Defendant is/was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

39. At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to § 203(s)(1).

40. At all times relevant to this lawsuit, Defendant has employed, and continues to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. For instance, Plaintiff and the putative Collective Action Members were responsible for reviewing engineering documents which were later used to create systems and products that were later used in the oil and gas industry.

41. At all times relevant to this lawsuit, Defendant has employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include office equipment, such as computers, computer-related equipment, and communication devices.

42. At all times relevant to this lawsuit, Defendant has had gross operating revenue or business volume in excess of $500,000.

B. **FLSA Allegations**

43. The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as hourly-paid employees of Defendant.

44. At all relevant times, Plaintiff and the putative Collective Action Members were non-exempt, hourly-paid employees of Defendant pursuant to the FLSA.

45. During the relevant time period, Plaintiff and the putative Collective Action Members did not receive overtime premium pay when they worked hours over forty in a workweek, but were at all times paid their hourly rate of pay regardless of how many hours they worked per week.

46. This failure of Defendant to pay overtime premium pay to its employees was a violation of the FLSA. *See* 29 U.S.C. § 207(a)(1).

47. Furthermore, Defendant paid remuneration to Plaintiff and the putative Collective Action Members in the form of so-called "per diem" pay. This extra pay was not reasonably approximate to Plaintiff and the putative Collective Action Members' actual expenses incurred for Defendant's benefit, in violation of the FLSA.

48. Defendant should have included the excessive portions of the

C. **Collective Action Allegations**

49. Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all current and former hourly-paid employees of Defendant Hamilton-Ryker who worked as control systems engineers, while being paid only their hourly rate of pay at all times, including for all hours worked over forty each workweek, within the three years prior to the date of filing this

Complaint through the date of the final disposition of this action. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

50. On information and belief, the class of putative Collective Action Members consists of over 15 individuals who performed the same job duties as Plaintiff on behalf of Defendant.

51. Plaintiff has actual knowledge that putative Collective Action Members have been denied overtime premium pay for all hours worked over forty in a workweek. Plaintiff worked with other hourly-paid control systems engineers who were employed by Defendant. This resulted in personal knowledge of the treatment of those co-workers. Furthermore, other hourly-paid control systems engineers of Defendant have shared with Plaintiff that they experienced similar pay violations as those described in this Complaint.

52. The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis relative to their work as control systems engineers who did not receive overtime premium pay for hours worked over forty in a workweek.

53. The putative Collective Action Members regularly work or have worked in excess of forty hours in a workweek.

54. Defendant's failure to pay overtime premium wages for any hour Plaintiff and the putative Collective Action Members worked over forty in a workweek results from generally applicable policies or practices, and does not depend on the personal circumstances of any of the putative Collective Action Members.

55. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

56. Although the exact amount of damages may vary among the putative Collective Action Members, the damages owed to them are easily calculable using a simple formula uniformly applicable to all of them.

57. Plaintiff proposes that the class of putative Collective Action Members be defined as:

> **all current and former hourly-paid employees of Defendant Hamilton-Ryker who worked as control systems engineers, while being paid only their hourly rate of pay at all times, including for all hours worked over forty each workweek, within the three years prior to the date of filing this Complaint through the date of the final disposition of this action.**

58. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

59. Plaintiff further reserves the right to amend the definition of the putative class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI. CAUSES OF ACTION

**A.** **First Claim for Relief – Violation of the FLSA, Failure to Pay Overtime Premium Pay to Non-Exempt, Hourly-Paid Employees. 29 U.S.C. § 207(a)(1).**

60. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

61. The foregoing conduct, as alleged, violated the FLSA.

62. Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203 (e)(1).

63. Defendant was and is required to pay its non-exempt, hourly-paid employees, Plaintiff, and the putative Collective Action Members, overtime wages at the rate of one and one-

half times each employees' respective regular rate of pay for all hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

64. Defendant failed to pay Plaintiff and the putative Collective Action Members at the rate of one and one-half times each employees' respective regular rate of pay for all hours worked over forty in a workweek.

65. Defendant's conduct was willful and done to avoid paying overtime wages. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's extended three (3) year statutory limitations period. *Id.*

66. Plaintiff seeks all damages to which he and the putative Collective Action Members are entitled under the FLSA on the bases of Defendant's willful failure to pay overtime premium pay, including back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

**B.** **Second Claim for Relief – Violation of the FLSA, Failure to Include All Remuneration in the Regular Rate of Pay. 29 U.S.C. § 207(e).**

67. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

68. The foregoing conduct, as alleged, violated the FLSA.

69. Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203 (e)(1).

70. Defendant was required to include all remuneration in the regular rate of pay when calculating overtime premium pay. 29 U.S.C. § 207(e).

71. Defendant paid so-called "per diem" pay to Plaintiff and the putative Collective Action Members that grossly exceeded their actual expenses incurred due to their work for Defendant.

72. Defendant failed to include excessive "per diem" pay in Plaintiff and the putative Collective Action Members' respective regular rates of pay, because it did not pay any overtime premium pay to its control systems engineer employees.

73. Plaintiff seeks all damages to which he and the putative Collective Action Members are entitled under the FLSA on the bases of Defendant's willful failure to pay include all remuneration in Plaintiff and the putative Collective Action Members' respective regular rates of pay, including back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## VII. JURY DEMAND

74. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Collective Action Members have a right to jury trial.

## VIII. DAMAGES AND PRAYER

75. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), and requiring notice to be issued to all putative Collective Action Members;

   b. An award of damages including all unpaid overtime wages, any other back pay available pursuant to the FLSA, liquidated damages, and restitution;

   c. Costs of action incurred herein, including expert fees;

    d.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

    e.     Post-judgment interest; and

    f.     Such other relief as the Court may deem just and proper.

Dated: September 25, 2019

                             Respectfully submitted,

                             SHELLIST | LAZARZ | SLOBIN LLP

              By:    */s/Ricardo J. Prieto*
                      Ricardo J. Prieto
                        State Bar No. 24062947
                        Fed. ID No. 1001658
                        rprieto@eeoc.net
                      Attorney-in-Charge
                      Mark Lazarz
                        Fed. ID No. 12105
                        State Bar No. 12069100
                        mlazarz@eeoc.net
                      M. Todd Slobin
                        Fed ID No. 22701
                        State Bar No. 24002953
                        tslobin@eeoc.net
                      Melinda Arbuckle
                        State Bar No. 24080773
                        Fed. ID No. 2629125
                        marbuckle@eeoc.net
                      Shellist Lazarz Slobin LLP
                      11 Greenway Plaza, Suite 1515
                      Houston, TX 77046
                      (713) 621-2277 – Telephone
                      (713) 621-0993 – Facsimile

                      ATTORNEYS FOR PLAINTIFF AND PUTATIVE
                      COLLECTIVE ACTION MEMBERS