United States District Court
Southern District of Texas
**ENTERED**
March 25, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| TERRY GENTRY, ET AL., § § Plaintiffs. § § VS. § § HAMILTON-RYKER IT § SOLUTIONS, LLC, § § Defendant. § | CIVIL ACTION NO. 3:19-cv-00320 |

### ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

On September 15, 2020, all dispositive and non-dispositive pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1)(A). Dkt. 39. Judge Edison filed a memorandum and recommendation on March 4, 2022, recommending that Defendant Hamilton-Ryker Solutions, LLC's Motion for Summary Judgment (Dkt. 55) be granted in part and denied in part and Plaintiffs' Motion for Partial Summary Judgment and Response in Opposition to Defendant's Motion for Summary Judgment (Dkt. 60) be granted in part and denied in part. *See* Dkt. 87.

On March 18, 2022, the defendant filed its objections to the memorandum and recommendation. *See* Dkt. 90. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo

determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

To the extent the defendant's objections refer to new evidence and arguments not previously submitted to Judge Edison, they are not properly before the court. *See McPeak-Torres v. Texas*, No. CV G-12-075, 2015 WL 12748276, at *1 (S.D. Tex. Jan. 22, 2015) (Costa, J.) ("Because [the defendant is] not entitled to raise arguments for the first time in [its] objections to the Magistrate Judge's Report and Recommendation that were not asserted in [its] Motion, these new arguments are not properly before the Court for consideration."). Nor does the requirement that a district court conduct a *de novo* review, absent compelling circumstances, permit parties to raise "new evidence" not presented to the magistrate judge. *Freeman v. Cnty. Of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998); *see also Cupit v. Whiteley*, 28 F.3d 532, 535 (5th Cir. 1994) (arguments that could have been raised before the magistrate judge, but were raised for the first time in objections before the district court, were waived).

As far as the arguments and evidence properly before the court go, the court has carefully considered the objections, the memorandum and recommendation, the pleadings, and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court. It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation (Dkt. 87) is approved and adopted in its entirety as the holding of the court;

(2) Defendant Hamilton-Ryker Solutions, LLC's Motion for Summary Judgment (Dkt. 55) is granted in part and denied in part and Plaintiffs' Motion for Partial Summary Judgment and Response in Opposition to Defendant's Motion for Summary Judgment (Dkt. 60) is granted in part and denied in part;

Specifically: (1) HR-IT is liable for Plaintiffs' unpaid overtime wages; (2) no exemption excuses HR-IT's failure to pay Plaintiffs overtime; (3) Plaintiffs are entitled to liquidated damages; (4) HR-IT did not willfully violate the FLSA, so the two year limitations period applies in this case; (5) Gentry is awarded $28,659 (consisting of unpaid overtime wages of $14,329.50 and liquidated damages of $14,329.50); and (6) Taylor is awarded $66,900 (consisting of unpaid overtime wages of $33,450.00 and liquidated damages of $33,450.00); and

(3) Plaintiffs are ordered to move for attorney's fees within 14 days of entry of this order.

SIGNED on Galveston Island this 25th day of March, 2022.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE