IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY GENTRY, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § | C. A. NO. 3:19-cv-00320 |
| | § § | |
| HAMILTON-RYKER IT SOLUTIONS, LLC, | § § § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' MOTION FOR ENTRY OF ATTORNEYS' FEES AND COSTS PURSUANT TO THE FAIR LABOR STANDARDS ACT**

Plaintiffs Terry Gentry and Marc Taylor file this Motion for Entry of Attorneys' Fees and Costs Pursuant to the Fair Labor Standards Act (the "Fee Petition"), respectfully showing in support as follows.

## I. INTRODUCTION

On March 25, 2022, this Court adopted the Magistrate Judge's order granting summary judgment in favor of Plaintiff. The Court ordered submission of this Fee Petition. (ECF No. 91.) Accordingly, Plaintiffs now submit their attorneys' billing records and records of the taxable costs to be entered in this case. Plaintiffs seek that the Judgment entered in this case include attorneys' fees in the base amount of $194,730.00 and costs in the amount of $2,624.33.

## II. ARGUMENT AND AUTHORITY

**A.  Prevailing Plaintiffs in FLSA Cases Are Entitle to Reasonable Attorneys' Fees and Costs.**

As recognized by the Court, prevailing plaintiffs in FLSA are entitled to their reasonable attorneys' fees and costs. (*See* ECF No. 91.) *Accord Steele v. Leasing Enters, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016) ("Although the district court has discretion to determine what is reasonable,

the court does not have discretion to decline to award attorney's fees to a prevailing [plaintiff] without making such a determination"). Plaintiffs seeking fees have the burden of demonstrating the reasonableness of the fees that they seek. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

Courts in the Fifth Circuit use the "lodestar" method to calculate attorneys' fees to be entered post-trial (*i.e.*, "multiplying the hours an attorney reasonably spent on the case by an appropriate hourly rate"). *Id.* (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). As a result, plaintiffs must demonstrate that (1) the billing rate sought by their attorneys is in line with the market rate in the community for such work; and (2) that their attorneys exercised billing judgement. *Id.* (citing *Saizan v. Delta Concrete Prod. Co*, 448 F.3d 795, 799 (5th Cir. 2006).

Thereafter, courts apply the "*Johnson* factors[1]" to determine whether counsel's performance requires an upward or downward adjustment. *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). However, "[t]here is a strong presumption of the reasonableness of the lodestar amount." *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The lodestar may not be adjusted based on a *Johnson* factor if that was already addressed in the first stage assessment of the lodestar. *Black*, 732 F.3d at 503 (citing *Saizan*, 448 F.3d at 800).

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee [for similar work in the community]; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

**B.      Counsel's Lodestar Is Reasonable.**

Plaintiffs submit the lodestar of their counsel as follows:

**1.      Counsel Exercised Billing Judgment.**

Plaintiffs' counsel have provided detailed billing records containing the time each spent on various tasks in this case, and detailed descriptions of those tasks. (Ex. A, pp. 28-38, Ex. B, pp. 6-7 (Billing Records).) Counsel endeavored not to bill for duplicative work, and to only bill for time spent in the service of the best interest of the client. *See Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 262-63 (5th Cir. 2018) (Ho, J., concurring). The hours submitted in this case are clearly reasonable. Furthermore, Plaintiffs' counsel have not submitted records of billable activity from their paralegals and staff as a matter of billing judgment.

**2.      Counsel Seek Approval of Reasonable Billing Rates.**

As demonstrated in their declarations, the rates sought by counsel are reasonable in this market for FLSA cases. (*See* Ex. A, pp. 3-4, ¶¶ 8-11, Ex. B., pp. 4-5 (Declarations of Counsel).)

This case was prosecuted predominantly by one partner level attorney, with assistance from two other partner level attorneys, all of whom has over ten years of experience. Counsel have attached evidence of their rates in billable matters and the declaration of another attorney with respect to his opinion that the billable rates sought by counsel are reasonable. (*See* Ex. A, pp. 3-4, ¶ 9, Ex. A-3, p. 14; Ex. A, p. 4, ¶ 11, Ex. A-2, pp. 19-27.)

Consequently, counsel has submitted sufficient evidence to meet their burden to demonstrate that the rates they seek are reasonable. *See, e.g.*, *Clark v. Centene Corp.*, No. A- 12-CA0174-SS, 2015 WL 6962894, at *8  (W.D. Tex. Nov. 10, 2015) (considering declarations of other attorneys practicing in the area to support rates requested by attorneys seeking fees in FLSA

case). Accordingly, counsel's request for legal fees in the base amount of $194,730.00 is reasonable.

C.  **The Excellent Result Achieved Merits an Upward Enhancement Based on the *Johnson* Factors.**

Once the Court has determined the appropriate lodestar, it considers the *Johnson* factors to determine if an upward or downward adjustment is merited. To enhance a lodestar, the court "must explain with a reasonable degree of specificity the findings and reasons upon which the award is based, including an indication of how each of the *Johnson* factors was applied." *Carroll Sanderson Farms, Inc.*, No. CIV.A. H-10-3108, 2014 WL 549380, at *10 (S.D. Tex. Feb. 11, 2014) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 321 (5th Cir. 1993)). "Of the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Id.* (citing *Migis v. Pearle Vision,* 135 F.3d 1041, 1047 (5th Cir. 1998)).  Here, while Plaintiffs do not seek an enhancement, Plaintiffs will discuss the relevant *Johnson* factors, which do merit an upward adjustment to their counsel's fees.

1.  **The Time and Labor Required in this Case Was Substantial.**

The time and labor that counsel spent in prosecution of this case was extensive. The Parties engaged in written and oral discovery, an unsuccessful mediation, extensive briefing on summary judgment, and pretrial preparation. The case was fully litigated, and, apart from the claims of Kevin Airth, defendant ultimately chose to litigate rather settle.

Although it is a defendant's prerogative to vigorously defend, as the Supreme Court stated in *City of Riverside v. Rivera*: "'The [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.'" 477 U.S. 561, 580 n.11 (1986) (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (1980) (*en banc*)). *See also, e.g.*, Lipsett

*v. Blanco*, 975 F.2d 934, 939 (1st Cir. 1992) ("There is a corollary to the duty to defendto the utmost -- the duty to take care to resolve litigation on terms that are, overall, the most favorable to a lawyer's client. [. . .] When attorneys blindly pursue the former, their chosen course of action may sometimes prove to be at the expense of the latter."). *Accord Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 663 (5th Cir. 2002) ("The reasonableness of the time Green's counsel spent working on this litigation could best be determined by referencing the litigation strategy employed by Tulane.").

    **2.**    **The Case Was Complicated Because It Hinged on the Ruling of the Fifth Circuit in *Hewitt v. Helix*.**

As shown by the detailed billing records attached hereto, managing this case was complicated by the pendency of *Hewitt v. Helix Energy Solutions Group, Inc.*, 15 F.4th 289 (5th Cir. 2021), which was before the Fifth Circuit (twice) during the pendency of this lawsuit. Defendant engaged in full litigation, including written discovery and depositions, an unsuccessful mediation, full summary judgment briefing, and even pretrial preparation, because it hoped that *Hewitt* would come down in its favor. Indeed, Defendant has already filed a notice of appeal, which will necessitate additional attorneys' fees in this case. Although Plaintiffs feel Defendant's violation of the FLSA was obvious, the uncertainty caused by the *Hewitt* case created an incentive to litigate and consequently counsel have billed many hours to this case.

    **3.**    **The Case Required Significant Skill to Prosecute Correctly.**

Wage and hour collective actions require a higher degree of preparation and skill to litigate than other cases. Cases involving classes of plaintiffs are difficult to litigate successfully, are extremely time-consuming and expensive making them unpopular with attorneys. Most FLSA cases are tried by specialized practitioners who do not handle other types of work.

In particular, this case involved the application and interaction of several regulations to the FLSA, and the key legal issues in this case involved distinguishing several out of circuit cases. The legal analysis and briefing involved in this case was more substantial and difficult than most other FLSA cases.

4. **Counsel Were Precluded from Other Employment as the Result of Prosecuting this Case for Approximately Two and a Half Years.**

Counsel and staff have expended 460.2 hours on this case over a period of approximately two and a half years. The time and effort required of counsel and staff in this case necessarily precluded other employment.

5. **Because Counsel Represented Plaintiffs on a Contingency-Fee Basis, there Was No Guarantee of Payment.**

Courts routinely find multipliers appropriate in FLSA cases, such as this, where plaintiffs' counsel works on a contingency-fee basis. *See, e.g., Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (stating "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."); *Murillo v. Pac. Gas & Elec. Co.*, No. 2:08-1974 WBS GGH, 2010 WL 2889728, at *12 (E.D. Cal. July 21, 2010) (awarding 1.5 lodestar multiplier in FLSA case taken on a contingent fee basis that involved complex issues in calculating the overtime wages owed). Here, Plaintiffs' counsel does not seek a multiplier even in light of the excellent result.

6. **Plaintiffs Attained a Result that Could Not Have Been Obtained Without Excellent Counsel.**

The most important factor in the analysis of the *Johnson* test is the result obtained by counsel. Because Plaintiffs' counsel did not accept a paltry settlement and accepted the risk of a potential zero-dollar recovery through judgment, Plaintiffs received all of their due and owing overtime wages, and liquidated damages. (ECF Nos. 87, 91.) It cannot be overstated that Plaintiffs

attained an excellent result due to their counsel's unflinching prosecution of this case through judgment. (Ex. A, p. 5, ¶ 18; Ex. B. (Declarations of Counsel).) The Fifth Circuit considers this the most important factor in determining whether an upward adjustment in attorneys' fees is merited. *Black*, 732 F.3d at 503.

D.   **Plaintiffs Seek Appropriate Statutory Costs.**

Plaintiffs may recover appropriate statutory costs including filing fees, witness fees, court reporting/transcript fees, necessary copying costs, and interpreting services. 28 U.S.C. § 1920. *See also, e.g.*, *Hernandez v. Aleman Constr., Inc.*, No 3:10-cv-2229-BN, 2013 WL 5873289, at *6-7 (N.D. Tex. Nov. 1, 2013). Plaintiffs may also recover reasonable litigation expenses including costs for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment litigation expenses, which are also recoverable under the FLSA as part of an attorney's fee award. *See Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015) (citing *Hilton v. Exec. Self Storage Assocs.*, No. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009)); *Quintanilla v. A & R Demolition Inc.*, No. H-04-1965, 2008 WL 9410399, at *9 (S.D. Tex. May 7, 2008); *Chapman v. A.S.U.I. Healthcare & Dev. Or.*, No. CIV.A. H–11–3025, 2013 WL 487032, at *8 (S.D. Tex. Feb. 6, 2013) *aff'd sub nom. Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, 562 Fed. App'x 182 (5th Cir. 2014).

Here, Plaintiffs request the judgment entered in this case include costs in the amount of $2,624.33 (Ex. C (Requested Costs).) In particular, Plaintiffs' request properly does not include costs which were recouped in connection with the Rule 68 Offer of Judgment as to Kevin Airth (ECF No. 44). Accordingly, these reasonable and necessary costs should be properly entered against Defendant.

### III. CONCLUSION AND PRAYER

As prevailing plaintiffs under the FLSA, Plaintiffs are entitled to an award of reasonable legal fees and costs in connection with the favorable order adjudging damages against Defendant. (ECF Nos. 87, 91.) For the foregoing reasons, Plaintiffs and counsel request entry of attorneys' fees in the base amount of $194,730.00, and costs in the amount of $2,624.33, in addition to post-judgment interest at the prevailing rate. *See* 28 U.S.C. § 1961(a). Plaintiffs request such other and further relief to which they are justly entitled.

Dated: April 8, 2022

Respectfully submitted,

By: s/Melinda Arbuckle
Ricardo J. Prieto
State Bar No. 24062947
Fed. ID No. 1001658
rprieto@eeoc.net
Attorney-in-Charge
Melinda Arbuckle
State Bar No. 24080773
Fed. ID No. 2629125
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

Richard J. (Rex) Burch
State Bar No. 24001807
rburch@brucknerburch.com
8 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS

## **CERTIFICATE OF SERVICE**

      On April 8, 2022, I filed the foregoing document with the Clerk of Court for the Southern District of Texas using the Court's CM/ECF system, which served all counsel of record with a true and correct copy of this document electronically.

                                                          s/Melinda Arbuckle
                                                          Melinda Arbuckle