United States District Court
Southern District of Texas
**ENTERED**
June 22, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| TERRY GENTRY, ET AL., | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-cv-00320 |
| | § | |
| HAMILTON-RYKER IT SOLUTIONS, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Pending before me is Plaintiff's Motion to Stay Consideration of Motion for Attorney's Fees and Permit Limited Discovery. Dkt. 105. Although I philosophically agree that a plaintiff should be entitled to discover defense counsel's hourly rates and fees incurred when, as here, a defendant challenges plaintiff's counsel's billing rates, I am required to follow binding Fifth Circuit precedent. Much to my dismay, the Fifth Circuit has, in my view, emphatically shut the door on exactly the type of discovery sought here. Accordingly, I must **DENY** the motion.

In this Fair Labor Standards Act ("FLSA") case, I previously held that Plaintiff, The Estate of Terry Gentry ("Plaintiff"), is entitled to prevail on the underlying merits of the statutory claim. In the wake of my ruling and its subsequent adoption by United States District Judge Jeffrey V. Brown, Plaintiff filed a Motion for Entry of Attorneys' Fees and Costs Pursuant to the Fair Labor Standards Act ("Motion for Attorney's Fees"). Dkt. 95. Defendant Hamilton-Ryker IT Solutions, LLC ("Hamilton-Ryker") then filed an opposition to the fee request. *See* Dkt. 104. Although Hamilton-Ryker recognizes that a successful plaintiff in an FLSA case is entitled to reasonable attorney's fees and costs, Hamilton-Ryker maintains that the fee application filed by Plaintiff asks for "unreasonable,

unnecessary, and excessive" fees and costs. *Id.* at 7. Included among the litany of complaints made by Hamilton-Ryker concerning Plaintiff's fee request is the contention that the hourly rates proposed by Plaintiff's counsel are unreasonable.

Plaintiff asks for $650 an hour for Rex Burch (a lawyer with 25 years' experience who focuses on wage-and-hour cases), $450 an hour for Ricardo J. Prieto (a lawyer with 14 years' experience); and $400 per hour for Melinda Arbuckle (a lawyer with 12 years' experience). Hamilton-Ryker argues that these proposed rates are excessive, and "the highest hourly rate that should be approved in this case is approximately $325 for Mr. Burch and lower rates for Mr. Prieto and Ms. Arbuckle." *Id.* at 11 (emphasis omitted).

Upon learning that Hamilton-Ryker takes the position that Plaintiff's counsel's proposed hourly rates are unreasonably high, Plaintiff filed the instant motion, asking me to stay consideration of the Motion for Attorney's Fees and allow "limited, targeted discovery of [Hamilton-Ryker's] counsel's billing rates, total hours of work, and . . . total compensation in this case." Dkt. 105 at 2. Plaintiff claims this information is highly relevant to my determination of the proper hourly billing rates in this case. Plaintiff additionally contends that the requested discovery is necessary to enable Plaintiff to respond to Defendant's allegations that the amount of time expended by Plaintiff's counsel was unreasonable. Put succinctly, Plaintiff believes discovery will show that the hourly rates charged by Hamilton-Ryker's counsel exceed the rates asked for by Plaintiff's counsel, and the total amount expended by Hamilton-Ryker for attorney's fees on this matter surpasses the amount sought by Plaintiff. Such evidence would, in Plaintiff's view, provide irrefutable evidence of the reasonableness of Plaintiff's fee request.

Hamilton-Ryker strongly objects to the requested discovery. Directing my attention to the Fifth Circuit's decision in *McClain v. Lufkin Industries, Inc.*, 649 F.3d 374, 384 (5th Cir. 2011), Hamilton-Ryker argues that the Fifth Circuit has squarely held that discovery into the fees charged by defense counsel is irrelevant

when a plaintiff is seeking an award of fees and costs. In *McClain*, the Fifth Circuit wrote:

> The plaintiffs persuaded the district court to allow discovery of defense counsel's fees and to write on the question of parity between plaintiff and defense counsel. No prior Fifth Circuit authority requires this comparison, nor does common experience, because the tasks and roles of counsel on opposite sides of a case vary fundamentally. If there were logical comparability, this court's decisions would have recognized it in the *Johnson*[1] factors or in past lodestar decisions. And if, perchance, defense counsel had charged less in the course of this litigation, plaintiffs would have avoided any paean to comparability.

*Id.*

Although I personally disagree with the Fifth Circuit's view, believing that the hourly rate charged by Hamilton-Ryker's attorneys, as well as the total amount of fees expended by Hamilton-Ryker's counsel, shed considerable light on the reasonableness of Plaintiff's fee request, the Fifth Circuit has spoken. In his concurrence in *McClain*, Judge James Dennis said: "I do not read the majority opinion as categorically prohibiting district courts from ever considering the rates charged by the opposing party's counsel when determining fee awards under fee-shifting statutes." *Id.* at 388 (Dennis, J, concurring). In response, then-Chief Judge Edith Jones, the author of the Court's opinion, wrote a separate concurrence in which she rejected that approach:

> Judge Dennis suggests that the majority opinion does not "categorically prohibit" district courts from comparing the fees of defense counsel and prevailing plaintiffs' counsel when statutory fee shifting occurs. The language may not be "categorical," but it certainly disfavors inquiries on the precise "comparability" of plaintiffs' and defense counsel's fees such as the plaintiffs sought here. Because neither Judge Dennis nor the plaintiffs cite any authority besides dicta in Perdue supporting the inapt comparison, and such comparisons are bound to distract district courts from the basic question of the reasonableness of the plaintiffs' fees, questions of comparability

---

[1] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

"layer needless complexity" in an area where the law is practical and clear.

*Id.* at 387 (Jones, C.J., concurring).

In support of the notion that a plaintiff should be permitted to seek discovery into an opposing party's counsel's fees and rates to assist in determining the reasonable fee to be awarded to the prevailing party, Plaintiff cites a shopping list of cases that have allowed such discovery. *See Howe v. Hoffman-Curtis Partners, Ltd. LLP*, No. H-03-4298, 2007 WL 7086572, at *1 (S.D. Tex. Apr. 13, 2007); *Pollard v. E.I. DuPont de Nemours & Co.*, No. 95-3010 M1V, 2004 WL 784489, at *3 (W.D. Tenn. Feb. 24, 2004); *Chicago Prof'l Sports Ltd. P'ship v. Nat'l Basketball Ass'n*, No. 90 C 6247, 1996 WL 66111, at *3 (N.D. Ill. Feb. 13, 1996); *Stastny v. S. Bell Tel. & Tel. Co.*, 77 F.R.D. 662, 663 (W.D.N.C. 1978). The problem is that each one of those cases, save one, is from outside the Fifth Circuit. Although I find the reasoning in those cases persuasive, it is above my pay grade to ignore a clear directive from the Fifth Circuit. The one case cited by Plaintiff from a district court within the Fifth Circuit, *Howe*, predates *McClain* by four years, so it is of little value from a precedential standpoint. Until the Fifth Circuit reverses its position and holds that discovery is allowed into the billing records of a non-prevailing party, my hands are tied. I must, therefore, reject Plaintiff's attempt to obtain information related to Hamilton-Stryker's billing records.

Before concluding, I want to make a couple of observations concerning Plaintiff's Motion for Attorney's Fees. First, to the extent Plaintiff would like to file a reply in support of its Motion for Attorney's Fees, such a pleading should be filed by 5:00 p.m. on Friday, July 1, 2022. Second, I will give Plaintiff an opportunity to supplement the evidentiary record to identify what it believes to be the customary hourly rates charged by lawyers in the Houston/Galveston area with similar skill and experience as Plaintiff's counsel. As both parties recognize, it is well-settled that attorneys' fees are to be calculated at the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In requesting

fees and expenses, Plaintiff takes the position, as many district courts have, that "the relevant community [is] the judicial district in which the litigation occurred (the Southern District of Texas), not the particular division in which the case was pending." *Bear Ranch, L.L.C. v. Heartbrand Beef, Inc.*, No. 6:12-CV-14, 2016 WL 3549483, at *5 (S.D. Tex. June 30, 2016) (Costa, J.), *aff'd*, 885 F.3d 794 (5th Cir. 2018). *See also* Dkt. 95-1 at 20. I respectfully disagree.

The Southern District of Texas is comprised of a huge swath of land (44,000 square miles) with legal markets as diverse as the population that inhabits the land. Based on my experience as a practitioner for roughly 25 years in the Southern District of Texas before taking the bench, not to mention my four years on the bench, I am convinced that the legal markets across the Southern District of Texas—Laredo, Brownsville, McAllen, Corpus Christi, Victoria, Galveston, and Houston—are far from homogenous. It is ludicrous to suggest that a reasonable hourly rate in Brownsville, for example, is comparable to the hourly rate charged by an attorney in the Houston metropolitan area (which includes the Galveston division). *See Gill v. Bullzeye Oilfield Servs., LLC*, No. SA-15-CV-1166-DAE, 2018 WL 4677902, at *2 n.1 (W.D. Tex. July 19, 2018) (concluding that "the relevant community is best understood as the city where the district court is sitting"). It would be easy to simply deny Plaintiff's Motion for Attorney's Fees because there is no evidentiary support for the customary hourly rate charged by lawyers in the Houston/Galveston area. I think the better approach is to allow Plaintiff to supplement the evidentiary record so I can make an informed decision on what fees and costs Plaintiff is entitled to as the prevailing party in this FLSA case.

SIGNED this 22nd day of June 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE