Case 3:19-cv-00320   Document 138   Filed on 01/31/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| THE ESTATE OF TERRY GENTRY, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:19-cv-00320 |
| | § | |
| HAMILTON-RYKER IT SOLUTIONS, LLC | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Plaintiffs' Second Motion for Attorneys' Fees. Dkt. 131.

### BACKGROUND

Plaintiffs prevailed at the trial court level on summary judgment, obtaining a judgment totaling $95,559 for unpaid overtime wages and liquidated damages in this Fair Labor Standards Act ("FLSA") case. *See* Dkt. 91 at 3. As the prevailing party, Plaintiffs then sought to recover reasonable attorneys' fees and costs from Defendant Hamilton-Ryker IT Solutions, LLC ("HR-IT"). *See* Dkt. 95. The district court awarded Plaintiffs $161,755.45 for attorneys' fees and costs incurred at the trial court level through the beginning of April 2022. *See* Dkt. 119.

HR-IT appealed the district court's summary judgment ruling to the Fifth Circuit. On May 24, 2024, the Fifth Circuit issued a published opinion, affirming the district court's summary judgment ruling in favor of Plaintiffs on the unpaid overtime wages. *See Gentry v. Hamilton-Ryker IT Sols., L.L.C.*, 102 F.4th 712 (5th Cir. 2024). The Fifth Circuit vacated Plaintiffs' liquidated damages award, however, remanding with instructions for the district court to determine whether it should consider certain evidence proffered by HR-IT regarding liquidated damages. *See id.* at 726.

On remand, the parties submitted legal briefs to Judge Brown addressing whether he should exercise his discretion to consider HR-IT's late-offered

evidence. On December 10, 2024, Judge Brown issued a lengthy opinion, explaining in detail why he would not "consider long-existing evidence offered for the first time as an objection to the magistrate judge's memorandum and recommendation." Dkt. 129 at 1. Judge Brown also awarded Plaintiffs liquidated damages. *See id.* at 12.[1]

Plaintiffs now seek $86,065.00 for additional attorneys' fees incurred in connection with the 2022–2024 appeal to the Fifth Circuit and the remand to the district court to address the liquidated damages issue.

## ANALYSIS

A successful plaintiff in an FLSA suit is entitled to an award of attorneys' fees and costs. *See* 29 U.S.C. § 216(b). The Fifth Circuit has instructed district courts to "use the lodestar method to calculate an appropriate attorney's fee award under the FLSA." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). "The court should exclude all time that is excessive, duplicative, or inadequately documented." *Jimenez v. Wood County*, 621 F.3d 372, 379–80 (5th Cir. 2010). For purposes of an award of attorneys' fees in an FLSA overtime suit, "[t]here is a strong presumption of the reasonableness of the lodestar amount." *Black*, 732 F.3d at 502.

Although more than two and a half years have elapsed since their initial fee request, Plaintiffs seek attorneys' fees based on the same rates I approved back in 2023 (for work ending in early 2022)—$650 for Richard J. (Rex) Burch and $400 for Melinda Arbuckle. *See* Dkt. 118 at 8. HR-IT does not contend that these requested rates are unreasonable.

---

[1] HR-IT has appealed Judge Brown's recent order to the Fifth Circuit. *See* Dkt. 133.

With an appropriate hourly rate established, I must determine the number of hours reasonably spent on the case by Plaintiffs' counsel. "The party seeking attorneys' fees must present adequately documented time records to the court. Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented. . . . The hours surviving this vetting process are those reasonably expended on the litigation." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

Plaintiffs seek reimbursement for 146.1 hours expended by Ms. Arbuckle, and 42.5 hours expended by Mr. Burch. In support of this request, Plaintiffs have provided billing records detailing the time spent by Ms. Arbuckle and Mr. Burch on this matter, and declarations by both lawyers attesting to the reasonableness of the fees sought. HR-IT insists that I should reduce the hours claimed for a variety of reasons: (1) certain time entries are excessive; (2) time spent on unsuccessful claims should be deducted; (3) travel time should be eliminated; (4) time entries pertaining to clerical work are not recoverable; and (5) time spent on intra-office conference and conferences with co-counsel should be reduced. I will discuss each complaint in turn.

**Excessiveness**: HR-IT first argues that the time spent by Plaintiffs' counsel drafting and revising a 51-page appellate brief was excessive. Ms. Arbuckle billed 35.6 hours for such work; Mr. Burch billed 12.5 hours. Both Ms. Arbuckle and Mr. Arbuckle have provided supplemental declarations, explaining in great detail why such time expenditures were reasonable. I conclude this time was reasonably spent.

Next, HR-IT maintains that the roughly 50 hours spent by Plaintiffs' counsel responding to HR-IT's request for rehearing *en banc* at the Fifth Circuit was excessive. HR-IT asks that Plaintiffs' time entries for this work be reduced by at least 15 percent. In response, Plaintiffs insist that the time incurred responding to HR-IT's request for rehearing *en banc* was reasonable and necessary to the

3

prosecution of the action. In my view, this time was reasonable and should be fully compensated.

Finally, HR-IT complains that Plaintiffs' counsel spent an excessive amount of time preparing a response to HR-IT's Federal Rule of Appellate Procedure 28(j) letter. According to the time records, Plaintiffs' counsel worked almost 10 hours on the response to the 28(j) letter. These time entries do not alarm me. No deduction for time spent on the 28(j) letter is warranted.

Overall, I find no merit to HR-IT's contention that Plaintiffs' counsel spent an excessive amount of time on the Fifth Circuit appeal. This was a hotly contested case, and Plaintiffs' counsel worked diligently to advance their clients' interests. HR-IT "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986) (quotation omitted).

**Unsuccessful Claims**: HR-IT asks me to reduce fees for work spent by Plaintiffs' counsel on allegedly unsuccessful claims and issues. HR-IT's arguments are spurious.

First, HR-IT argues that Plaintiffs' counsel should not be compensated "for work on the liquidated damages portion of the appellate briefing" because "the Fifth Circuit agreed with HR-IT on this issue." Dkt. 135 at 10. Not so. As Plaintiffs point out, HR-IT conveniently "ignores the Fifth Circuit's opinion and the history of the issue on remand." Dkt. 136 at 5.

> The Fifth Circuit specifically stated that the district court only erred "*to the extent*" that "it believed it could not review the new evidence." *Gentry v. Hamilton-Ryker IT Sols., L.L.C.*, 102 F.4th 712, 726 (5th Cir. 2024) (emphasis added). The Fifth Circuit's opinion hardly erased Defendant's liability for liquidated damages, and, on remand Plaintiffs' counsel successfully defended Plaintiffs' entitlement to liquidated damages. (ECF No. 129.) That the Fifth Circuit briefly reminded the district court of its own discretion is hardly grounds to cut Plaintiffs' counsel's fees on appeal for supposed "lack of success." If anything, once again, Defendant's intransigence directly caused Plaintiffs' counsel's increased fees at this juncture.

*Id.* I concur.

Second, HR-IT claims that I should cut all the time Plaintiffs' counsel spent opposing HR-IT's request for rehearing *en banc* because HR-IT "was successful on its request for rehearing *en banc*." Dkt. 135 at 10. This is demonstrably false. HR-IT never obtained *en banc* rehearing. *See* Dkt. 136-2 at 2. HR-IT did ask for and receive a panel rehearing over Plaintiffs' opposition, but that is immaterial. The Fifth Circuit has explained that "there is ample authority for the proposition that a partially prevailing party may recover all reasonably incurred attorney fees, even though the party did not prevail on all claims, as to all defendants, or as to all issues in a matter." *Coleman v. Houston Indep. Sch. Dist.*, No. 98-20692, 1999 WL 1131554, at *5 (5th Cir. Nov. 8, 1999). Moreover, the Fifth Circuit panel handling the case merely retracted its unpublished opinion and issued a published opinion affirming the district court's summary judgment ruling on the merits. Although the Fifth Circuit did remand the liquidated damages issue back to the district court for reconsideration, Plaintiffs eventually prevailed on the liquidated damages issue as well. *See* Dkt. 129 at 12. I am hard-pressed to understand why I should reduce those hours reasonably spent by Plaintiffs' counsel fighting for their clients.

In sum, HR-IT's argument that I should cut Plaintiffs' attorneys' fees for lack of success falls flat.

**Travel Time:** The attorneys' fees requested by Plaintiffs include six hours related to Ms. Arbuckle's travel and 1.1 hours related to Mr. Burch's travel for an oral hearing in Galveston on whether to consider HR-IT's good-faith evidence. HR-IT challenges these time entries, claiming that "this time is wholly improper and unrecoverable." Dkt. 135 at 11. As one district court noted:

> The Fifth Circuit has not addressed whether travel time may properly be awarded as part of attorneys' fees under [t]he FLSA. But courts in the Fifth Circuit have held in other contexts that a court has discretion to reduce hours billed to travel time in calculating a fee award. *See In re Babcock & Wilcox Co.*, 526 F.3d 824, 828 (5th Cir. 2008) (evaluating Fifth Circuit precedent from various types of cases and concluding as a general rule that "it is not an abuse of discretion to

5

discount non-working (and even working) travel time"); *Watkins v. Fordice,* 7 F.3d 453, 459 (5th Cir. 1993) (in a Voting Rights Act case, affirming the district court's decision to discount the hourly rate billed for travel time).

*Hilton v. Exec. Self Storage Assocs., Inc.*, No. H-06-2744, 2009 WL 1750121, at *12 (S.D. Tex. June 18, 2009). My view is that travel time should be awarded only if legal work was performed during the travel. Although I recognize that some courts in the Fifth Circuit compensate attorney travel time at 50 percent of the attorney's billing rate, I am unwilling to do so. I do not believe that a lawyer who uses travel time to work on an unrelated matter, make personal phone calls, or watch a movie should expect to be awarded attorneys' fees simply because she is en route to a court proceeding. *See Gruber ex rel. Gruber v. Sec'y of Health & Hum. Servs.*, 91 Fed. Cl. 773, 791 (Fed. Cl. 2010) (stating attorneys "should not automatically assume that it is reasonable to assess any and all travel time to a client-based destination as billable to that client").

Here, the record indicates that Ms. Arbuckle spent six hours on December 3, 2024, traveling from Dallas to Galveston for oral argument.[2] Ms. Arbuckle's supplemental declaration makes clear that she spent time in transit "working in preparation for the hearing." Dkt. 136-1 at 3. As a result, that six hours of travel time is recoverable.

Mr. Burch notes that he spent 2.2 hours traveling to and from the December 3, 2024 hearing, but he is only seeking to be compensated for half that time—1.1 hours. This, he says, is in line with those courts who often award travel time at half rates. Fair enough, but I am not one of those judges. I will, therefore, reduce the hours claimed by Mr. Burch by 1.1 hours ($715). Although Mr. Burch will not be compensated monetarily for the 1.1 hours he spent driving to Galveston Island, I do hope he enjoyed the peacefulness of his journey. As I noted several years ago:

---

[2] Ms. Arbuckle actually spent 12 hours that day traveling to and from the oral hearing, but she has exercised billing judgment and is not seeking to be compensated for the time spent on the return trip to her home.

> From the apex of the causeway, it is quite a spectacle—Galveston Bay appears as a sheet of glass, mirroring and magnifying the bright rays of the sun and clouds. The opportunity to gaze upon such beauty, while reflecting inwardly on the looming legal tasks, can hardly be described as an inconvenience.

*Hillestad v. LLOG Expl. Co.*, No. 3:17-cv-00341, 2018 WL 4938708, at *5 (S.D. Tex. Sept. 20, 2018). The same holds true today.

**Clerical Work:** HR-IT argues that I should deduct selected time entries for clerical work performed by Plaintiffs' attorneys. *See Wyndham Props. II, Ltd. v. Buca Tex. Rests., LP*, No. 4:22-cv-00166, 2023 WL 2392090, at *5 (N.D. Tex. Mar. 7, 2023) ("Clerical work is not recoverable in an award of attorneys' fees." (quotation omitted)). Specifically, HR-IT complains that I should slice off $315 for 0.7 hours of work performed by Plaintiffs' counsel that was clerical in nature. Plaintiffs dispute HR-IT's "characterization," but "agree to a [$315] reduction in the interest of bringing this case to a timely end." Dkt. 136 at 6. HR-IT also asks that I disallow roughly two hours in time for billing entries that relate to reviewing ECF notifications. That I will not do. Reviewing ECF notifications is a task that is necessary and required. How else does HR-IT think a lawyer is supposed to keep up to date on what is happening on the court's docket?

**Intra-Office Conferences and Co-Counsel Conferences**: HR-IT also finds fault with the amount of time spent by Plaintiffs' counsel on intra-office conversations and emails with one another. In total, Plaintiffs seek $3,115 in fees (6.6 hours total) for intra-office conversations and emails between Plaintiffs' counsel.

As I have explained before, "some communication between counsel is expected (and required) . . . . Counsel working together on a case should not have to operate in silos; they should work together in a cooperative fashion to obtain the best possible result for their client." *Est. of Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-cv-00320, 2023 WL 5018432, at *7–8 (S.D. Tex. Aug. 7, 2023). "Fees for [intra-office] communications are thus allowed provided there is not an

7

inordinate number of [intra-office] conferences, and so long as multiple attorneys do not bill for the same conference." *Id.* at *7 (quotation omitted).

My review of the time records does not reveal an inordinate number of conferences between co-counsel. Accordingly, I conclude that the time spent by Plaintiffs' counsel conferring among themselves about this case is reasonable and necessary.

## CONCLUSION

I recommend that Plaintiffs' Second Motion for Attorneys' Fees (Dkt. 131) be **GRANTED**, with only a $1,030 reduction in the fees sought by Plaintiffs. The reduction includes $315 in alleged clerical time, which Plaintiffs have agreed to forgo, and $715 for Mr. Burch's travel time. Plaintiffs should thus be awarded $85,035.00 in reasonable and necessary attorneys' fees. This amount is in addition to the attorneys' fees previously awarded by the court. *See* Dkt. 119.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 31st day of January 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE